## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SUSAN FARRELL-KOPELAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  16-7452 |
| | ) | |
| ROUNDY'S ILLINOIS, LLC, a | ) | |
| Wisconsin limited liability company, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES, Plaintiff, SUSAN FARRELL-KOPELAS ("KOPELAS"), by and through her attorneys, Donald S. Rothschild and Brian M. Dougherty of Goldstine, Skrodzki, Russian, Nemec and Hoff, Ltd., and for her Complaint against Defendant, ROUNDY'S ILLINOIS, LLC ("ROUNDY'S"), states as follows:

1.      This action is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Portal-to-Portal Act, 29 U.S.C. § 251 *et seq*., and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*. ("IMWL").

2.      Federal question jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, the Portal-to-Portal Act, 29 U.S.C. § 251 *et seq*., the Davis Bacon Act, 40 U.S.C. §276a, and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. § 1367.  Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship KOPELAS performed work in this district and ROUNDY'S is engaged in business in this district.

3.      Defendant ROUNDY'S, a Wisconsin limited liability company, is authorized to do business in Illinois.  ROUNDY'S does business under the name "Mariano's" which operates

a chain of popular grocery stores in the Chicagoland area.

4.       Plaintiff KOPELAS is an employee for ROUNDY'S at its location at 5353 N. Elston Avenue, Chicago, Illinois.  As an employee performing duties for an enterprise engaged in commerce, KOPELAS was engaged in commerce as defined by the FLSA.

5.       KOPELAS started working for ROUNDY'S beginning April 2014 as a deli manager.  KOPELAS consistently worked more than 40 hours per week approximately since she started.  KOPELAS was not paid one and one-half times her regular rate of pay for hours worked in excess of 40 hours per week.

### COUNT I
### VIOLATION OF FAIR LABOR STANDARDS ACT OF 1938
### OVERTIME COMPENSATION

6.       Paragraphs 1 through 5 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 5 of this Count I.

7.       Pursuant to Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.,* and the Portal-to-Portal Act, 29 U.S.C. § 251 *et seq*., KOPELAS is entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any week during the three (3) years preceding the filing of this action.

8.       ROUNDY'S has at all times relevant hereto failed and refused to pay compensation to KOPELAS as described above.

9.       In denying KOPELAS compensation as described above, ROUNDY'S acts were not based upon good faith or reasonable grounds.

10.      KOPELAS is entitled to liquidated damages equal to the amount of unpaid compensation, pursuant to 29 U.S.C. § 260.

WHEREFORE, Plaintiff, SUSAN FARRELL-KOPELAS, respectfully requests that this Court enter judgment in her favor and against Defendant ROUNDY'S ILLINOIS, LLC, for unpaid overtime compensation, liquidated damages, attorney's fees and costs, all other relief authorized under the Fair Labor Standards Act of 1938, and that this Court award all other relief it deems equitable and just.

**COUNT II**
**VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW**
**OVERTIME COMPENSATION**

11. Paragraphs 1 through 10 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 10 of this Count II.

12. As described in the foregoing paragraphs, ROUNDY'S compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS § 115/1 *et seq.*

13. During a portion or all of the relevant time at issue herein, the Illinois Minimum Wage Law provided that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for punitive damages in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

14. ROUNDY'S failure to pay compensation as described above, has been willful and/or in bad faith.

WHEREFORE, Plaintiff, SUSAN FARRELL-KOPELAS, respectfully requests that this Court enter judgment in her favor and against Defendant ROUNDY'S ILLINOIS, LLC, for unpaid overtime compensation, 2% of the amount of the underpayments as provided under 820 ILCS 105/12, attorney's fees and costs, and that this Court award all other relief it deems equitable and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted,

SUSAN FARRELL-KOPELAS,

By: _/s/ Brian M. Dougherty_____
       One of Her Attorneys

Donald S. Rothschild
Brian M. Dougherty
Goldstine, Skrodzki, Russian,
Nemec and Hoff, Ltd.
835 McClintock Drive, Second Floor
Burr Ridge, IL 60527
(630) 655-6000